**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004433
30-JUN-2015
08:48 AM**

NO. CAAP-13-0004433

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
GUY S. JOSEPH, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(CASE NO. 1DCW-13-002579)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Guy S. Joseph appeals from a Notice of Entry of Judgment and/or Order, filed on September 30, 2013, in the District Court of the First Circuit, Wai'anae Division ("District Court").[1] The District Court convicted Joseph of one count of Terroristic Threatening in the Second Degree in violation of Hawaii Revised Statutes ("HRS") § 707-717(1) (1993).[2] Joseph was sentenced to sixty days in jail and required to pay a fee. On appeal, Joseph argues that there was insufficient evidence to support his conviction because (1) the evidence did not establish that his words and conduct constituted a "true threat," and (2) the State failed to prove that he acted with the requisite state of mind.

---

[1] The Honorable Paul Wong presided.

[2] HRS § 707-717(1) provides, "A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707-716."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we resolve Joseph's appeal as follows and affirm.

Our review is constrained by the standard of review that we must apply to a challenge based on the alleged insufficiency of the evidence: "[W]hether upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *In re PP*, 133 Hawai'i 235, 238-39, 325 P.3d 647, 650-51 (App. 2014) (quoting *State v. Grace*, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005)). Viewing the evidence in the light most favorable to the State, we find that the State adduced substantial evidence that Joseph threatened by word or conduct to cause bodily injury to the complainant, in reckless disregard of the risk of terrorizing her. *See* Haw. Rev. Stat. §§ 707-715(1) (Supp. 2012) & -717(1), 702-206(3)(c) & (d) (1993).

According to the complainant, on May 12, 2013, Joseph appeared at her home unannounced and threatened her and her boyfriend. The last time complainant and Joseph had seen each other, Joseph had allegedly threatened complainant's boyfriend over a gambling issue and told complainant to stay out of it. Complainant testified that Joseph told her and her boyfriend that they "better have his money or else he going kill [them] basically," and that Joseph also said he "had people with semiautomatics at the end of the road waiting for us and . . . my boyfriend . . . better have his money . . . ." Complainant claimed that she did not know what the reference to money was about. According to the complainant, Joseph removed something resembling a brown gun handle (later identified as an axe) from an area inside his car near the driver's-side window and pointed it at the complainant through the window. Joseph then drove off, leaving the complainant panicky and scared.

2

(1) We agree with the District Court that Joseph's threats to the complainant constitute "true threats" falling within the conduct prohibited by HRS § 707-717(1). That Joseph's threats were conditioned on complainant's boyfriend's failure to give Joseph the money does not negate this fact. *See State v. Edralin*, No. CAAP-12-0000644, 2013 WL 2459882, at *2 (Haw. Ct. App. June 7, 2013 (to prove threat for terroristic threatening in the second degree, case law does not require the State to prove that the threat was perfectly unconditional, merely that it was so unconditional that it conveyed a gravity of purpose and imminent prospect of execution); *State v. Oliveros*, No. 28935, 2010 WL 3433557 at *12 (Haw. Ct. App. Aug. 31, 2010). Indeed, this court has explained that "[s]imply making a threat in conditional language does not preclude it from being a true threat. The test is whether the threat on its face and in the circumstances in which it is made is 'so unequivocal, unconditional, immediate, and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of execution.'" *Oliveros*, 2010 WL 3433557 at *12 (citation omitted) (quoting *State v. Chung*, 75 Haw. 398, 416-17, 862 P.3d 1063, 1073 (1993)). *Cf. Chung*, 75 Haw. at 416, 862 P.3d at 1072 ("[T]he word 'threat' . . . exclude[s] statements which are, *when taken in context*, not 'true threats' because they are conditional and made in jest[.]" (emphasis added) (quoting *U.S. v. Kelner*, 534 P.2d 1020, 1026 (2d Cir. 1976)).

Here, Joseph established his apparent ability to carry out the threats, such that they would reasonably tend to induce fear of bodily injury in the complainant, when he threatened her by pointing the handle of the axe at her and claimed that his friends were waiting down the road "with semiautomatics." *See State v. Valdivia*, 95 Hawaiʻi 465, 476-77, 24 P.3d 661, 672-73 (2001) (explaining that arrestee's declaration to police officer that "I'm gonna kill you" without articulating the manner by which he would carry out his threat did not "imbue his remark with any qualification or limitation"); *Chung*, 75 Haw. at 416-17, 862 P.2d at 1073 (holding that repeated statements made to the defendant's colleagues of his intention to shoot or kill a co-

worker, along with the display of a handgun and/or ammunition, was sufficiently unequivocal, unconditional, immediate and specific to constitute a true threat). That is, the complainant's testimony established that Joseph issued threats with a serious demeanor, and he was specific about his immediate intention to kill the complainant and her boyfriend if he did not get his money. *See Chung*, 75 Haw. at 416-17, 862 P.2d at 1073; *Oliveros*, 2010 WL 3433557, at *12. As such, Joseph's acts and statements were of the type "to convey a gravity of purpose and imminent prospect of execution," *Oliveros*, 2010 WL 3433557, at *12, and the evidence adduced at trial was sufficient to conclude that Joseph's threats were "true threats." Therefore, Joseph's first argument is meritless.

(2) Contrary to Joseph's argument, the State presented sufficient proof of intent to support Joseph's conviction. Hawai'i's courts have recognized that, "although a defendant's state of mind can rarely be proved by direct evidence . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." *State v. Gomes*, 117 Hawai'i 218, 227, 177 P.3d 928, 937 (2008) (original ellipses omitted) (quoting *State v. Pudiquet*, 82 Hawai'i 419, 425, 922 P.2d 1032, 1038 (App. 1996) and *State v. Bui*, 104 Hawai'i 462, 467, 92 P.3d 471, 476 (2004)) (internal quotation marks omitted). Based on our review of the record, there was substantial evidence to support the District Court's conclusion that Joseph exhibited "reckless disregard of the risk of terrorizing" the complainant when he pointed a weapon at the complainant and her boyfriend and threatened that they "better have his money or else he going kill [both of them]," and that he "had people with semiautomatics at the end of the road." *See State v. Alston*, 75 Haw. 517, 531-32, 865 P.2d 157, 165-66 (1994) (holding that the defendant exhibited a reckless disregard of the risk of terrorizing the complainant "by pointing at her and threatening to return with a pistol and 'take care of that fat bitch once and for all.'"). Thus, Joseph's second argument is

4

meritless.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on September 30, 2013, in the District Court of the First Circuit, Wai'anae Division, is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2015.

On the briefs:

Seth Patek,
Deputy Public Defender
for Defendant-Appellant.

Sonja B. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5